IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMBER KIDD, individually and on
behalf of all others similarly situated,

                Plaintiff,

v.

DREXEL BUILDING SUPPLY, INC. and
DREXEL SYSTEMS, LLC,

                Defendants.

OPINION and ORDER

24-cv-356-wmc

---

      Plaintiff Amber Kidd filed this proposed collective and class action against defendants Drexel Building Supply, Inc. and Drexel Systems, LLC, which manufacture and supply building materials. Plaintiff contends that defendants owed unpaid wages under the Fair Labor Standards Act ("FLSA") and Wisconsin law. The parties have filed a joint motion for preliminary approval of a proposed settlement of this lawsuit and a "stipulated motion" for certification of a collective under 29 U.S.C. § 216(b) and a class under Federal Rule of Civil Procedure 23 for the purpose of settlement, along with appointment of a class representative and class counsel and approval of a class notice. (Dkt. #35 and Dkt. #38.) The court does not have fundamental objections to the settlement. But for the reasons explained below, the court will deny the parties' motions without prejudice and give them an opportunity to address three concerns.

      First, plaintiff alleges in her second amended complaint (dkt. #25) that defendants violated the FLSA and Wisconsin wage law in three ways: (1) adjusting the punch-in times of employees in defendants' favor; (2) offering a cash bonus to employees who participated

in a book club, but then failing to include those payments when calculating the regular rate for computation of overtime pay; and (3) offering cash payments to employees who participated in defendants' Focus on Family and/or Focus on Fitness Programs, but then failing to include those payments when calculating the regular rate for computation of overtime pay.

The settlement agreement excludes claims relating to the Focus on Fitness program, explaining that those claims likely lacked merit. That explanation is acceptable for purposes of preliminary approval. But the settlement agreement and notice also narrow the first claim relating to altered punch-in times to only employees at the Jackson, Wisconsin location who already received back pay for unpaid overtime. The parties do not explain why they narrowed that claim. This is important because the release in the settlement agreement states that class and collective members are releasing all wage, hour and other FLSA claims. Thus, it appears that the parties are intending that class and collective members who did not work at the Jackson location would be releasing claims relating to altered punch-in times despite those claims not being included in the settlement. The parties must adequately explain their reasons for narrowing this claim before the court will preliminarily approve the settlement.

Second, in explaining the "Gross Settlement Amount," the parties do not provide a minimum, maximum or estimated monetary amount. Rather, they provide a formula for how they will calculate collective and class member awards and attorney fees. Although proposing a formula for calculating a settlement is not inherently improper, it creates unnecessary confusion and complication in this case without sufficient justification. The

parties seem to agree that defendants have access to the relevant records by which they could determine the identity of the class and collective members as well as their award according to the formulas provided in the settlement agreement. Providing specific monetary awards to both the class and collective members and the court would assist the court in determining whether the settlement, as well as proposed attorney fees and incentive award, are fair and reasonable. Thus, the parties must provide the court with: (1) the estimated number of employees in the class and collective; and (2) the estimated gross settlement amount, based on the number of class members and the parties' proposed formulas.

Third, the parties propose that employees will opt in to the collective action by endorsing and cashing their FLSA check. This proposal cannot be approved. Under the FLSA, "similarly situated" employees may opt into the action by filing with the court their written consent "to become such a party." 29 U.S.C. § 216(b). The named plaintiff and counsel cannot represent any collective members *before* they opt in to the action. Nor could the court approve a final settlement of a collective action without knowing who will actually be in the collective, and thus, what the scope of the settlement will be. Before the court can preliminarily approve the settlement, the parties must alter the opt-in procedures to allow a period for opt-in as well as objections from the collective members.

In sum, the joint motion for preliminary approval (dkt. #35) and stipulated motion to certify class (dkt. #38) are rejected, but the parties are free to file amended motions that address the court's concerns and provide for an opt-in period for the collective.

ORDER

IT IS ORDERED that the parties' motion for preliminary approval of their settlement (dkt. #35), and motion to certify a class and collective (dkt. #38), are DENIED without prejudice.  The parties may have until July 24, 2025, to file renewed motions.

Entered July 3, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge