UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**Amber Kidd**

**On behalf of Herself and
all others similarly situated,**

   **Plaintiff,**

  **v.**                  **Case No.  24-cv-356**

**Drexel Building Supply, Inc.,
Drexel Systems, LLC.,**

   **Defendants.**

## STIPULATION TO FINAL COLLECTIVE AND RULE 23 CERTIFICATIONS

For settlement purposes only, Plaintiff Amber Kidd ("Named Plaintiff") and Defendants Drexel Building Supply, Inc. and Drexel Systems, LLC (combined "Drexel" and collectively, the "Parties"), by their attorneys, stipulate as follows (the "Stipulation"):

1. Named Plaintiff has alleged that she is a member of the following precisely defined collective:

> All individuals who, while they were employed as hourly non-exempt employees by either Drexel Building Supply, Inc. or Drexel Systems, LLC during the period of May 29, 2022 through the date the Court grants preliminary approval to the parties' settlement agreement; (the "Class Period") either (a) received a payment because of their participation in the Drexel Book Club; (b) received a payment from the Focus on Family Program; and/or (c) received backpay because Drexel adjusted their punch-in times or meal break punch-in times before computing their number of hours worked; and who opts into the Lawsuit by mailing a completed opt-in form to Plaintiff Counsel.

As instructed by the Court (Docket #39, pg. 3), the parties have revised the definition of the collective so that collective members must opt in by completing and mailing an opt-in form to Plaintiff Counsel, rather than by cashing their settlement checks.

2.  Named Plaintiff has alleged that she is similarly situated to other potential Collective Members in that she was subject to the following three uniform employment practices, which she alleges violated the Fair Labor Standards Act: (a) Drexel made payments to employees when they participated in the Drexel Book Club by reading and reporting on 10 books per payment, but did not include the Drexel Book Club payments in computing the employees' regular rates of pay; (b) Drexel reimbursed employees for their personal expenses incurred to make family memories, as a part of the Focus on Family program, but did not include the reimbursements in computing the employees' regular rates of pay; and (c) Drexel untimely paid backpay to its Jackson, Wisconsin employees to compensate them for unpaid wages that resulted from Drexel adjusting their punch-in and meal punch-in times before computing their number of hours worked, so that the employees are entitled to but did not receive liquidated damages for the untimely paid wages.

3.  Named Plaintiff has alleged that she worked over 40 hours per week during the time periods that she earned the Drexel Book Club and Focus on Family payments, so that she just like other members of the proposed collective would have received additional overtime pay, had Drexel included the Drexel Book Club and Focus on Family payments in computing her weekly regular rates of pay that they then used to compute her overtime pay.

4.  Named Plaintiff has further alleged that she, just like other members of the proposed collective, was a Jackson, Wisconsin employee who received back pay to compensate her for wages lost because Drexel adjusted her punch-in and meal punch-in times before

computing her hours worked, and that she received the backpay more than 31 days after she earned the wages that the backpay compensated her for, so that the backpay she received was untimely, and entitles her to liquidated damages under the FLSA.

5.   For settlement purposes only, Drexel do not dispute that the Named Plaintiff's factual and legal allegations are sufficient to support final certification of the Collective defined in paragraph 1 of this Stipulation.

6.   Named Plaintiff has alleged that she is a member of the following precisely defined Rule 23 class:

> All individuals who, while they were employed as hourly non-exempt employees by either Drexel Building Supply, Inc. or Drexel Systems, LLC during the "Class Period, either (a) received a payment because of their participation in the Drexel Book Club; (b) received a payment from the Focus on Family Program; and/or (c) received backpay because Drexel adjusted their punch-in times or meal break punch-in times before computing their number of hours worked; who do not timely opt out of the settlement.

7.   When a plaintiff has proposed a single class that asserts more than one claim, the Court may consider whether numerosity is satisfied for the proposed class as a whole, though far fewer than 40 class members were affected by one of the claims asserted by the class. *Schilling v. PGA Inc*., 293 F. Supp. 3d 832, 837 (W.D. WI. 2018) (Proposed class sufficiently numerous when a single class advanced two claims, one of which affected 40 class members, and the second of which affected 22 class members). In this case, the three proposed subclasses combine to have at least 431 members. (Korth Dec. ¶6) Because there are well over 100 class members, the number of class members alone makes their joinder impracticable. *Coetzee v. Shell Lake Health Center, Inc*., 2023 WL 1274371 * 2 (W.D. WI. 2023), *citing Mulvania v. Sheriff of Rock Island County*, 850 F. 3d 849, 859 (7th Cir. 2017) (Heeding Seventh Circuit guidance that a class with forty members may be sufficient to satisfy the numerosity requirement to find joinder is impracticable

for a class of 96 members without considering any secondary factors that address whether joinder would be impracticable).

8. Named Plaintiff has alleged that commonality is satisfied because the Court can uniformly decide whether the Focus on Family payments must be included in the regular rate of pay, whether the Drexel Book Club payments must be included in the regular rate of pay, and whether Drexel violated Wisconsin law by adjusting its employees punch-in and meal punch-in times before computing their number of hours worked, and whether Wisconsin law provides employees with a remedy for liquidated damages when their employers did not pay them all wages earned by them within 31 days of when the pay was earned as required by Wis. Stat. §109.03(1).

9. Named Plaintiff has alleged that she is typical of the Rule 23 class in that, just like for other class members, Drexel did not include the Focus on Family payment when computing her overtime pay for the week during which she received the Focus on Family payment, did not include the Drexel Book Club payments when computing her overtime pay for the biweekly payroll period during which she received the payment and the preceding biweekly payroll period, and did not pay to her any liquidated damages on backpay that it paid to her more than 31 days after she earned wages, which she did not timely receive because Drexel adjusted her punch-in and meal punch-in times before computing her number of hours worked. As a result, Named Plaintiffs' claims are based on the same legal theory as the claims for the members of the proposed class.

10. Named Plaintiff has alleged that she is an adequate class representative under Rule 23(a)(4) in that she has an understanding of the class claims, in that there are no recognizable conflicts between herself and other class members, and in that she has retained counsel experienced

in both wage and hour litigation in general, and in the settlement of wage and hour class actions more specifically.

11. Named Plaintiff has alleged that the common questions of law outlined in paragraph 9 of this stipulation predominate because by answering these questions the Court will be able to decide whether Drexel has liability under Wisconsin law to each class member; while damages for class members can be computed by applying uniform formulas to Drexel's records that show the amount of backpay that it paid to employees for adjusting their punch-in and meal punch-in times; the timing and amount of Focus on Family and Drexel Book Club payments that Drexel paid to class members, and the class members' hours worked and compensation received during each week surrounding the times when they earned and received the Focus on Family and Drexel Book Club payments.

12. While ordinarily it would be administratively difficult to precisely determine the exact time periods during which each Focus on Family and Drexel Book Club payment was earned, courts need not inquire into management difficulties when considering class certification for purposes of settlement. *Amchem prods, Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In this case, the proposed Settlement Agreement resolves any such administrative difficulties by stating that overtime pay for Drexel Book Club payments are available for the biweekly period during which the payments were earned along with the preceding biweekly period, while overtime pay for Focus on Family payments are available for the week during which the payments were earned. (Settlement Agreement, ¶¶3C to 3F)

14. Named Plaintiff has alleged that a class action is superior in that maximum possible damages are likely in the hundreds of dollars per class member at the high end; and are too small to justify individual litigation of the proposed class claims.

14. For settlement purposes only, Drexel do not dispute the Named Plaintiff's factual and legal contentions outlined in paragraphs 7-14 of this stipulation. Drexel further do not dispute that these contentions are sufficient to support Rule 23 certification of the proposed class outlined in paragraph 6 of this Stipulation for settlement purposes only.

15. This stipulation is solely limited to whether collective and classes should be certified by the Court for settlement purposes.  The parties acknowledge that they need to separately file and are separately filing with the Court the parties' Joint Renewed Motion for Preliminary Settlement Approval.

16. Except for purposes of an approved and final settlement in this lawsuit, no part of this Stipulation constitutes an admission, on behalf of any of the Parties, as to the efficacy, propriety, suitability, or availability of certification of any kind, whether in this Action or any other proceeding involving any of the Parties.

17. No part of this Stipulation or the Court's actual Order on this Stipulation (collectively, these "Filings") shall ever be used to support or oppose any later motion related to certification of any kind.  The Parties further waive and forego the ability to use these Filings for such purpose.

Based on the foregoing, the Parties ask the Court to accept and grant this Stipulation, and, for settlement purposes only, to:

a. Grant final certification for a FLSA opt-in collective action including the following:

> All individuals who, while they were employed as hourly non-exempt employees by either Drexel Building Supply, Inc. or Drexel Systems, LLC during the period of May 29, 2022 through the date the Court grants preliminary approval to the parties' settlement agreement; (the "Class Period") either (a) received a payment because of their participation in the Drexel Book Club; (b) received a payment from the Focus on Family Program; and/or (c) received backpay because Drexel adjusted their punch-in times or meal break punch-in times before computing their number

of hours worked; and who opts into the Lawsuit by mailing a completed opt-in form to Plaintiff Counsel.

b.      Grant certification pursuant to Rule 23 for an opt-out class including the following:

All individuals who, while they were employed as hourly non-exempt employees by either Drexel Building Supply, Inc. or Drexel Systems, LLC during the "Class Period, either (a) received a payment because of their participation in the Drexel Book Club; (b) received a payment from the Focus on Family Program; and/or (c) received backpay because Drexel adjusted their punch-in times or meal break punch-in times before computing their number of hours worked; who do not timely opt out of the settlement.

Respectfully submitted this 29th day of August, 2025.

/s/Yingtao Ho_____
Yingtao Ho
THE PREVIANT LAW FIRM, S.C.
Attorney for Plaintiffs
310 West Wisconsin Avenue, Suite 100MW
Milwaukee, WI   53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: yh@previant.com

Attorney for Plaintiff

/s/ Eric Kaplan_____
Eric D. Kaplan
Kaplan & Gournis, P.C.
One South Wacker Drive, Suite 2400
Chicago, Illinois 60606
(312) 726-0531 (Telephone)
(312) 726-4928 (Fax)
ekaplan@kpglaw.com

Attorney for Defendants