IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMBER KIDD, individually and on
behalf of all others similarly situated,

                Plaintiff,

  v.

DREXEL BUILDING SUPPLY, INC. and
DREXEL SYSTEMS, LLC,

                Defendants.

ORDER

24-cv-356-wmc

---

Having considered the parties' renewed motion for preliminary approval of their settlement agreement ("motion"), the parties' stipulation for final collective certification and Rule 23 class certification ("stipulation") and supporting papers, and representations by counsel during the settlement conference held by telephone on September 18, 2025, the court ORDERS AS FOLLOWS:

(1) the court preliminarily approves the settlement memorialized in the settlement agreement as fair, reasonable, and adequate;

(2) the court certifies the collective proposed in the stipulation under 289 U.S.C. § 216(b) for purposes of settlement only;

(3) the court certifies the Rule 23 class proposed in the stipulation under Rule 23 of the Federal Rules of Civil Procedure for purposes of settlement only;

(4) the court appoints Amber Kidd as the representative of the FLSA Collective and Rule 23 Class;

(5) the court appoints Yingtao Ho of the Previant Law Firm, S.C., as class counsel for the FLSA Collective and Rule 23 Class;

(6) the court approves the notice of class and collective action and proposed settlement (the "notice"), revised by the court on September 18, 2025, and finalized on September 22, 2025, as attached, for distribution to all potential collective and class members by prompt mail and posting at any plant at which members of the subclasses worked during the settlement period;

(7) the court directs that any potential collective members who wish to be included in the FLSA collective action must op-in consistent with the instructions set forth in the notice, and that any such opt-in form must be postmarked no later than 30 days after the notice is mailed to potential class members;

(8) the court directs that any potential class members who wish to be excluded from the Rule 23 class must opt-out consistent with the instructions set forth in the notice, and that any such opt-out form must be postmarked no later than 30 days after the notice is mailed to potential class members;

(9) the court directs that any potential class members who have not properly and timely requested exclusion from the Rule 23 class will be bound in the event the court issues a final order that approves the parties' settlement agreement;

(10) the court will schedule a fairness hearing to determine whether the settlement agreement should be approved as fair, reasonable, and adequate, as well as whether class counsel's petition for attorneys' fees, costs and class representative incentive awards should be approved on December 12, 2025, at 1:00 p.m.;

(11) at least 14 days before that hearing, the court directs (a) class counsel to file a petition for approval of attorneys' fees and costs and named plaintiff incentive awards and (b) the parties to file their joint motion for final settlement approval ("final approval motion"); and

(12) no later than thirty (30) calendar days after the notice is mailed to settlement class members, the court directs that any class member or collective member who wishes to object in any way to the agreement must file and serve such written objections consistent with the instructions set forth in the notice.

Entered this 22nd day of September, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge